IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:17-cv-00421-GCM

| | |
|---|---|
| UNION COUNTY, CDM SMITH, INC., and PETE DUTY & ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DEVERE CONSTRUCTION COMPANY, INC., LIBERTY MUTUAL INSURANCE COMPANY, ELMORE GOLDSMITH, P.A., CONSTRUCTION INTERFACE SERVICES, INC., SHANA SMITH d/b/a MS. SYBIL'S SEEDING, LLC, FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for FIRST NBC BANK, and ANY AND ALL OTHER INTERESTED PERSONS OR CORPORATION ("JOHN DOES") WHO MIGHT HAVE OR CLAIM ANY INTERESTS IN THE MONEY WHICH IS THE SUBJECT OF THIS ACTION, <br><br> Defendants. | ORDER |

This matter is before the Court upon Defendants Elmore Goldsmith, P.A. and Construction Interface Services, Inc.'s ("Movants") Motion to Remand (Doc. No. 12) and Motion to Lift Stay (Doc. No. 10). The FDIC-Receiver has submitted responses in opposition and the Movants have filed Replies.

**FACTUAL BACKGROUND**

This action arises out a suit for delay claims on the Union County Sewer Improvement Project (the "Delay Claim Action"). (Compl. ¶ 11.) DeVere Construction Company, Inc. ("Devere") sued Union County, CDM Smith, Inc. and Pete Duty & Associates, Inc. for damages

1

arising from delays on the Project. *Id*. at ¶ 13. The Delay Claim Action settled in January of 2016, with the Plaintiffs herein agreeing to pay $407,500 to DeVere. *Id*. at ¶ 22. Before any disbursement took place, however, DeVere ceased operations and the Defendants[1] asserted competing claims to the Settlement Funds on various grounds. *Id*. at ¶¶ 20, 28-32. The Plaintiffs filed this action in the Superior Court of North Carolina, Union County, seeking to interplead the settlement funds and to have the Superior Court determine the validity and priority of the Defendants' respective claims. *Id*. at ¶ 34, Order of Discharge ¶¶ 8-10.

Among the Defendants asserting competing claims to the funds is First NBC Bank (the "Bank"), a financial institution organized and existing under the laws of the State of Louisiana. (Compl. ¶ 9.) The Bank claimed a security interest in DeVere's accounts receivables and sought payment of the Settlement Funds directly from the Plaintiffs. *Id.* at ¶ 32. The Bank filed an Answer on March 10, 2017, but did not file any counter-claims or cross-claims. Shortly thereafter, on April 28, 2017, the Bank was closed by the Louisiana Office of Financial Institutions, and FDIC-R was appointed as its Receiver. The FDIC-R filed a Notice of Substitution of Parties and Notice of Appearance of Counsel on June 12, 2017, thereby substituting itself as a Defendant in place of the Bank. On June 27, 2017, the Superior Court of North Carolina granted the Plaintiff's motion and ordered that their obligations under the Settlement Agreement would be discharged upon deposit of the Settlement Funds with the clerk of court.

The FDIC-R subsequently filed its Notice of Removal, alleging that its involvement creates original jurisdiction pursuant to 12 U.S.C. § 1819(b)(2). On August 2, the FDIC-R filed a Motion to Stay this case for 90 days pursuant to 12 U.S.C. § 1821(d), and the Court granted the

---

[1] The Defendants include an unpaid expert, legal counsel, and subcontractors among others.

motion. Movants now seek to lift the stay in order to remand this matter to the Superior Court of North Carolina, Union County.

**DISCUSSION**

Under 12 U.S.C. § 1819(b)(2), Congress specifically created federal question jurisdiction over civil suits in which the FDIC is a party. However, 12 U.S.C. § 1819(b)(2)(D) outlines an exception to this removal statute, providing that removal is not appropriate where: (1) the FDIC-R is acting in its capacity as receiver for a State-insured institution and is a party other than as a plaintiff; (2) the matter involves only the preclosing rights of the institution; and (3) only the interpretation of state law is necessary. Remand is required where all three elements are met. *Capizzi v. FDIC*, 937 F.2d 8 (1st Cir. 1991). "[S]ection 1819 establishes a rebuttable presumption that the FDIC may properly remove any case in which it is a party, and that federal jurisdiction is proper unless the opposing party can prove that the three exceptions in section 1819(b)(2)(D) are applicable." *Reding v. FDIC*, 942 F.2d 1254, 1258 (8th Cir. 1991).

The FDIC-R concedes that the first two elements are present here, but argues that the third element is not met because the administrative claims process in the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") applies to the Movants' claims and those of the other Defendants, and that FIRREA is a defense based on federal law. The availability of a colorable federal defense takes the case outside the state action exception where *only* the interpretation of state law is necessary. *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1149 (5th Cir. 1992).

The FDIC-R's position as to its assertion of a defense under federal law relies upon 12 U.S.C. § 1821(d)(13)(D)(i), which provides that no court shall have subject matter jurisdiction over "any claim or action for payment from, or any action seeking a determination of rights with

3

respect to, the assets of any depository institution for which [FDIC-R] has been appointed receiver." The FDIC-R contends that Movants' claims, including those of the other Defendants, are susceptible to resolution through the FIRREA administrative claims process.

The problem with the FDIC-R's position is that it wrongly presumes that the Settlement Funds at issue in this matter are its own assets. This presumption attempts to circumvent the very purpose of the action, which is to establish the respective rights of the Defendants to the Settlement Funds. Simply put, the Settlement Funds are not FDIC-R's assets. FDIC-R's assets involved in this case are the UCC-1 financing statement and promissory note DeVere provided to First NBC Bank which serve as the basis for FDIC-R's claimed interest in the Settlement Funds.

Further, FDIC-R invokes the administrative claims process as a sword, while it is intended to be used only as a shield. It applies only to claims *against* the FDIC, and not to the FDIC's claims against its debtors.[2] To the extent FDIC seeks affirmative relief, the administrative claims process is inapplicable. *See In re Continental Financial Resources, Inc.*, 154 B.R. 385, 388 (Bankr. D.Mass. 1993) (citing *In re Purcell*, 150 B.R. 111, 116 (Bankr. D.Vt. 1993); *In re All Season's Kitchen, Inc.*, 145 B.R. 391, 397 (Bankr. D.Vt. 1992); *In re Gemini Bay Corp.*, 145 B.R. 350, 352 (Bankr. M.D.Fla.1992)). To hold otherwise would allow FDIC-R to assert a lien on certain property, then force any party contesting the lien to do so by way of the claims process.

FDIC-R relies on two cases – *Bank of America, N.A. v. Colonial Bank*, 604 F.3d 1239 (11th Cir. 2010) and *Bloom v. FDIC* (*In re First State Bancorp.*), 498 B.R. 322 (Bankr. D.N.M. 2013) – to support its contention that a claim is not exempt from the administrative claims

---

[2] The Court notes that Movants herein did submit Proof of Claim forms to the FDIC-R, but expressly stated on the forms that they did not contend that they had claims against the FDIC-R or the Bank, and were submitting the forms out of an abundance of caution.

process simply because the extent of FDIC-R's ownership in an asset is in dispute. However, both cases involve affirmative claims asserted *against the FDIC*, and not claims where FDIC seeks affirmative relief or recovery. They are distinguishable from the instant matter, wherein FDIC-R has asserted a priority interest in certain assets (the Settlement Funds), which is contested by other parties, and now seeks to compel those parties to attempt to defeat FDIC's claim by way of its own administrative claims process. Such a result runs contrary to the purpose of FIRREA and its legislative history. *See In re Continental Financial Resources, Inc.*, *supra*, 154 B.R. at 388-89 (discussing the legislative history of FIRREA, and holding that it applies only to claims against the FDIC and not to challenges incident to the FDIC's claims against its debtors).

Because FIRREA and the administrative claims process do not apply, FDIC-R has no basis in federal law in which it can assert a defense. The instant matter involves only questions of state law; therefore, this Court lacks subject matter jurisdiction and remand is proper. Because the Court lacks subject matter jurisdiction over this matter, the stay entered by the Court on August 14, 2017 must be vacated.

IT IS THEREFORE ORDERED that the Movants' Motion to Remand and Motion to Lift Stay are hereby GRANTED, and the stay is hereby vacated and this case is remanded to the Superior Court of North Carolina, Union County; and

IT IS FURTHER ORDERED that the interpleaded funds be transferred back to the Union County Clerk of Superior Court.

Signed: November 3, 2017

Graham C. Mullen
United States District Judge